UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MCBB Corp. d/b/a Veritas Steak & Seafood, §§§§ Plaintiff, | |
| v. §§ | Civil Action H-20-364 |
| Planned Community Developers, Ltd. and Lake Pointe Shopping Center, LP, §§§§§ Defendants. | |

# Memorandum and Recommendation

Plaintiff MCBB Corporation has moved to remand this case back to state court or, in the alternative, for the court to abstain from hearing the case. (9) The court recommends that the motion be denied. This case is stayed pending the resolution of MCBB's bankruptcy action.

*1. Background*

According to MCBB's state court petition, it operated a steakhouse on a property it leased from Lake Pointe Town Center beginning in 2010. Lake Pointe Town Center was sold to Defendant Lake Pointe Shopping Center (Lake Pointe) in 2011. Planned Community Developers (PCD) interacted with MCBB as Lake Pointe's lease manager. In 2011, a competing steakhouse leased a space from Lake Pointe within the same shopping center as MCBB's steakhouse. MCBB's revenue declined.

In 2015, MCBB's multiyear lease was due to renew. MCBB contemplated not renewing the lease because competition had reduced revenues. PCD allegedly represented to MCBB, among other things, that the competitor steakhouse's lease was due to expire in 2016 and would not be renewed. MCBB alleges it relied on PCD's

representations when it renewed the lease. The competitor steakhouse continued to operate in the shopping center.

On December 30, 2019, MCBB filed a Chapter 11 voluntary petition for bankruptcy.[1] MCBB owes Lake Point $388,389 in unpaid lease payments, according to its bankruptcy filing. (12-1) Lake Pointe's secured claim is the largest among the listed creditors. *Id*. MCBB represented to the Bankruptcy Court that it has a cause of action for fraud against Lake Pointe valued at $1,500,000. (12-1) MCBB moved for voluntary rejection of its lease from Lake Pointe, which the bankruptcy court approved.[2] Lake Pointe filed a proof of claim in the bankruptcy action. (13-1)

On January 2, 2020, just days after it filed for bankruptcy, MCBB filed a state court petition in Fort Bend County, Texas, raising claims against both PCD and Lake Pointe for fraud, fraudulent inducement to contract, statutory fraud in a real estate transaction, and negligent misrepresentation. (1-3) As relief, MCBB sought monetary damages. On February 3, 2020, Lake Pointe removed the case to federal court pursuant to 28 U.S.C. §§ 1334, 1446, and 1452. (1)

MCBB moves to remand the case back to state court or, in the alternative, requests that the court abstain from hearing it. The court recommends that MCBB's motion be denied. The case is stayed pending the resolution of the bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas.

2. Analysis

   A. *The court has subject matter jurisdiction.*

Under 28 U.S.C. § 1334(b), federal district courts "have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11." MCBB argues

---

[1] *In re MCBB Corp., d/b/a Veritas Steak & Seafood*, no. 19-37075, ECF No. 1 (S.D. Tex. Dec. 30, 2019).

[2] *In re MCBB Corp., d/b/a Veritas Steak & Seafood*, no. 19-37075, ECF No. 50 (S.D. Tex. Mar. 19, 2020).

that its state law claims do not assert bankruptcy claims and thus the court lacks subject matter jurisdiction. Lake Pointe argues that this action arises under Title 11 because MCBB's claims are core proceedings under 28 U.S.C. § 157(b)(2).

"[C]ore proceedings are those that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (holding that an action is a core-proceeding "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case"). Non-core proceedings are those which are not core but are "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). The statute provides a non-exhaustive list of core proceedings, which include "allowance or disallowance of claims against the estate"; "counterclaims by the estate against persons filing claims against the estate"; and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." 28 U.S.C. § 157(b)(2)(B), (C), (O).

A debtor's claim in a civil proceeding based on allegations that the creditor's bankruptcy claim is false or induced by fraud "are properly construed as counterclaims" under § 157(b)(2)(C) and "as concerning the allowance or disallowance of" the creditor's claim under § 157(b)(2)(B). *Shipley Garcia Enterprises, LLC v. Cureton*, No. CIV.A. M-12-89, 2012 WL 3249544, at *10 (S.D. Tex. Aug. 7, 2012). In addition, a civil tort proceeding in which the plaintiff-debtor seeks to recover monetary damages from the defendant-creditor may fall within the "catch-all" provision of § 157(b)(2)(O) where any potential judgment would be an asset of the bankruptcy estate and would affect the amount that the debtor is required to pay the creditor through reorganization. *Regal Row Fina, Inc. v. Washington Mut. Bank,* No. CIV.A. 3:04-CV-1033, 2004 WL 2826817, at *7–8 (N.D. Tex. Dec. 9, 2004) (collecting cases).

MCBB's claims against Lake Pointe constitute core proceedings. Similar to the facts in *Shipley Garcia*, MCBB alleges that

3

it was fraudulently induced to enter the lease underlying Lake Pointe's claim against the bankruptcy estate. MCBB's claims in the present civil proceeding are thus properly construed as counterclaims to Lake Pointe's bankruptcy claim and as claims concerning the allowance or disallowance of Lake Pointe's bankruptcy claim. Similar to *Regal Row Fina*, Lake Pointe is a creditor who holds the largest claim in MCBB's bankruptcy action, and any money damages in this action would affect the assets of the bankruptcy estate or adjust the debtor-creditor relationship, bringing the claims within the "catch-all" definition of core proceedings. MCBB's claims are core proceedings under § 157(b)(2)(B), (C), (O), and the court has "arising under" federal bankruptcy jurisdiction over MCBB's claims under 28 U.S.C. § 1334(b).

To the extent that jurisdictional analysis for MCBB's claims against PCD may be different because PCD is not a party to the bankruptcy action, the court nonetheless finds that federal jurisdiction exists. The district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[A] district court may exercise supplemental jurisdiction in a case where that court's underlying jurisdiction is pursuant to § 1334(b)." *In re Fort Worth Osteopathic Hosp.*, No. 05-41513-DML, 2008 WL 2553066, at *4 (Bankr. N.D. Tex. Mar. 6, 2008) (collecting cases in the Second and Fifth Circuit Court of Appeals), *report and recommendation adopted sub nom. In re Fort Worth Osteopathic Hosp., Inc.*, No. CIV.A. 4:07-CV-206-Y, 2008 WL 2522528 (N.D. Tex. June 25, 2008).

Here, MCBB's claims against PCD form a part of the same case or controversy with the claims against Lake Pointe. MCBB raises the same allegations against Lake Pointe and PCD, except that PCD acted as Lake Pointe's real estate agent. Because the court has original jurisdiction over MCBB's claims against Lake Pointe under 28 U.S.C. § 1334(b) and the claims against PCD satisfy the elements of

4

supplemental jurisdiction under 28 U.S.C. § 1367(a), the court has federal jurisdiction over MCBB's claims against PCD.

The court has federal subject matter jurisdiction over MCBB's claims under 28 U.S.C. § 1334(b) and under 28 U.S.C. § 1367(a). The court therefore recommends that MCBB's motion to remand be denied.

### B. *Mandatory abstention does not apply.*

MCBB argues that this is a "non-core," "related to" proceeding subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). A federal district court must abstain from exercising jurisdiction over a state-law claim if, among other elements, the claim is a non-core proceeding and lacks "independent jurisdictional basis" other than under 28 U.S.C. § 1334(b). *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). Supplemental jurisdiction under 28 U.S.C. § 1367(a) constitutes an independent basis for federal jurisdiction for purposes of mandatory abstention. *Shipley Garcia*, 2012 WL 3249544, at *11. "The party requesting abstention must prove the existence of each element by a preponderance of the evidence." *In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003).

As discussed above, MCBB's claims against Lake Pointe constitute core proceedings, and the court has supplemental jurisdiction over MCBB's claims against PCD. *See supra* Part 2.A. Because the claims at issue do not satisfy the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2), the court is not required to abstain from hearing MCBB's claims.

### C. *This action does not merit discretionary abstention or equitable remand.*

MCBB seeks to have the court abstain from hearing this case "in the interest of justice" under 28 U.S.C. § 1334(c)(1) and to remand "on any equitable ground" under 28 U.S.C. § 1452(b). Courts apply the same factors to determine whether a proceeding merits discretionary abstention or equitable remand. *See, e.g., Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. CIV.A. H-08-1815, 2008 WL 4330897, at *4 (S.D. Tex. Sept. 18, 2008). The factors are:

5

1. the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;

2. extent to which state law issues predominate over bankruptcy issues;

3. difficult or unsettled nature of applicable law;

4. presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

5. jurisdictional basis, if any, other than § 1334;

6. degree of relatedness or remoteness of proceeding to main bankruptcy case;

7. the substance rather than the form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial;

12. the presence in the proceeding of nondebtor parties;

13. comity; and

14. the possibility of prejudice to other parties in the action.

*Id.*

Weighing these factors, the court concludes that equitable remand and/or discretionary abstention are not appropriate. Lake Pointe is the largest creditor in MCBB's bankruptcy action, and the claims in this action are closely related to the bankruptcy proceeding. Remand would only complicate the bankruptcy proceeding. MCBB's claims do not involve an unsettled area of state law. The substance of MCBB's claims resemble a counterclaim or a claim concerning the allowance of the creditor's claim, which constitute core claims. No party will be prejudiced by keeping this case in federal court.

The court recommends that MCBB's motion for equitable remand or discretionary abstention be denied.

*3. Conclusion*

The court recommends that MCBB's motion for remand or abstention (9) be denied.

This action is stayed pending the resolution of MCBB's bankruptcy action.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April  14 , 2020.

_____
Peter Bray
United States Magistrate Judge

7